## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STAMAR MILLER,                       :
    Plaintiff,                        :
                                      :
v.                                   :      CIVIL ACTION NO. 22-CV-2786
                                      :
MS. JESSICA MAN, *et al.*,            :
    Defendants.                       :

## MEMORANDUM

YOUNGE, J.                                             AUGUST 3, 2022

    Stamar Miller, a pretrial detainee currently housed at George W. Hill Correctional

Facility, filed this civil rights action along with a Motion to Proceed *In Forma Pauperis*.  Named

as Defendants in the case are Ms. Jessica Man[1] and Mr. Shaka Mzee Johnson.  For the following

reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be

dismissed with prejudice.

## I.      FACTUAL ALLEGATIONS

    Miller's allegations are simply stated.  He alleges that Defendants Man and Johnson

represented Miller in his state court criminal proceedings.  He asserts a due process violation

arising from the Defendants' alleged waiver of his speedy trial rights in state court.  (Compl. at 1,

ECF No. 1)[2]  He alleges he never met with Man, but only met with a "Mr. Prince" from

Defendant Johnson's law office.  (*Id*.)  He was never asked or advised about waiving his speedy

trial rights and claims that a signature appearing on a waiver form is a forgery.  (*Id*. at 1-2.)  He

---

[1] Man's name is spelled inconsistently.  The Court will use the spelling that appears first
in the Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

claims Man signed the waiver and also waived his right to be present in the courtroom.  (*Id*. at 2.)
He seeks to have his speedy trial rights restored and seeks money damages.  (*Id*.)

A review of publicly available records indicates that Miller was arrested on May 18, 2020
by Tinicum Township Police on indecent deviate sexual intercourse, sexual assault, burglary,
kidnapping, unlawful restraint, and related charges, and is currently awaiting trial.  *See
Commonwealth v. Miller*, CP-23-CR-0000459-2021 (C.P. Delaware).  When Miller appeared
before a Magisterial District Judge for a bail hearing on the charges, Defendant Johnson was
appointed to be his defense counsel.  *See Commonwealth v. Miller*, CP-23-MD-0002285-2020
(C.P. Delaware).  The record does not disclose whether Defendant Man was a public defender,
court-appointed defense attorney, or a privately retained defense attorney.

## II.    STANDARD OF REVIEW

Miller is granted leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. §
1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether
a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard
applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher
v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether
the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is
plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this
early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as
true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]
complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[3] However, because Miller is a prisoner he must still pay the $350 filing fee in installments as provided by the Prison Litigation Reform Act.

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).   Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Miller is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

## III.   DISCUSSION

Miller alleges a due process violation over the manner in which his speedy trial rights

were waived.  The vehicle by which federal constitutional claims may be brought in federal court

is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state

law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Miller's claims against Defendants Man and

Johnson are not plausible and must be dismissed because Man and Johnson are not "state actors"

as that term is used in § 1983.

The record reflects that Johnson was Miller's court-appointed defense counsel.  While it

is unclear whether Man was a public defender, privately retained defense attorney, or court-

appointed defense attorney, Miller asserts that she represented him as his defense counsel and

waived his speedy trial rights.  Neither Defendant can be held liable under § 1983 since defense

attorneys are not state actors "when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding."  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote

omitted); *Clark v. Punshon*, 516 F. App' x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a

court-appointed attorney is not a state actor for purposes of § 1983);  *Angelico v. Lehigh Valley*

*Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (" Attorneys performing their traditional functions

will not be considered state actors solely on the basis of their position as officers of the court.");
*see also Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*)
("We also conclude that the District Court properly granted summary judgment to the defendants
on Gannaway's claims against the Berks County Public Defender's Office and the appointed
lawyers who represented him in criminal proceedings" (citing *Polk Cty.*)).  Because Johnson and
Man are not "persons" liable under § 1983, Miller constitutional claims must be dismissed.
Because any attempt to cure this defect would be futile, the dismissal will be with prejudice.[4]
*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district
courts should dismiss complaints under the PLRA with leave to amend "unless amendment
would be inequitable or futile.").  An appropriate order follows.

BY THE COURT:

/s/ John Milton Younge

_____

**JOHN MILTON YOUNGE, J.**

---

[4] Because the claims must be dismissed with prejudice, the Court does not reach the question of whether the relief Miller seeks is appropriate.  *See Younger v. Harris*, 401 U.S. 37 (1971) (establishing a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding).