IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMAR MILLER,  Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 22-CV-2786-JMY |
| MS. JESSICA MAN, *et al.*,  Defendants. | : : : | |

MEMORANDUM

**YOUNGE, J.**                                                                                       **JULY 12, 2022**

In a prior Memorandum and Order filed August 3, 2022, the Court dismissed the civil rights Complaint filed by Staymar Richard Miller, a convicted prisoner housed at George W. Hill Correctional Facility. (*See* ECF Nos. 6, 7.) The Complaint was dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the Defendants Miller named in his civil rights action, Jessica Man and Shaka Mzee Johnson, both of whom are attorneys who were appointed to represent Miller in a criminal case in Delaware County, were not a "state actors" as that term is used in 42 U.S.C. § 1983. Miller now seeks reconsideration of that dismissal order. (ECF No. 11.) For the following reasons, Miller's request is denied.

**I.      STANDARD OF REVIEW**

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v.*

*Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).[1]

**II.   DISCUSSION**

Miller appears to assert that the Court erred in determining that Man and Johnson did not qualify as state actors subject to liability under § 1983 because Johnson allegedly waived Miller's right to a speedy trial and Man printed his name on a speedy trial waiver form and wrote "waived" on the signature line.  (ECF No. 11 at 4.)  He asserts that the attorneys violated several Rules of Professional conduct, made false statements, and lied to the state court, causing Miller to remain in custody as a pretrial detainee.  (*Id*. at 2-4.)

As the Court explained to Miller, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The constitutional claim Miller attempted to allege against the Defendants based on their roles as defense counsel in Miller's criminal case was deemed not plausible and dismissed because an attorney performing the traditional functions of counsel –

---

[1] Because the United States Court of Appeals for the Third Circuit has recognized that "time limits that are not based on a statute, such as the one governing Rule 59(e), are not jurisdictional rules, but claim-processing rules" *Lizardo v. U.S.*, 619 F.3d 273, 277 (3d Cir. 2010), and because Miller is proceeding *pro se*, the Court will address the arguments raised in the Rule 59(e) Motion, even though it was filed beyond the required time period.  Alternatively, the Court deems the Motion as one filed pursuant to Rule 60(b)(6) seeking relief from a final judgement, since that type of motion must only be filed within a "reasonable time."  Fed. R. Civ. P. 60(c).  However, "[t]he standard for granting a Rule 60(b)(6) motion is a high one.  The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)).  "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

whether privately retained, court-appointed, or a public defender – is not a person acting under color of state law for purposes of § 1983.  *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").  This remains so even if the attorney was ineffective or acted improperly in conducting the criminal defense.  *See Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (holding that "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983").

Because there was no error in the Court's determination that Miller's § 1983 claims against Man and Johnson were not plausible because the Defendants were not state actors, the request for reconsideration will be denied.[2]  An appropriate order follows.

**BY THE COURT:**

/s/ *John Milton Younge*<br>**JOHN MILTON YOUNGE, J.**

---

[2] The Court expresses no opinion on Miller's underlying arguments that counsel were ineffective in their representation or otherwise acted improperly.